UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

RODNEY PIERRE HICKS,

    Petitioner,                                   Civil No. 2:07-CV-14916
                                                    Hon. Patrick J. Duggan

v.

THOMAS BELL,

    Respondent,
_____/

## OPINION AND ORDER HOLDING IN ABEYANCE THE PETITION FOR WRIT OF HABEAS CORPUS AND ADMINISTRATIVELY CLOSING THE CASE

At a session of said Court, held in the U.S.
District Courthouse, Eastern District
of Michigan, on May 19, 2008.

PRESENT: THE HONORABLE PATRICK J. DUGGAN
U.S. DISTRICT COURT JUDGE

On November 16, 2007, Petitioner Rodney Pierre Hicks ("Petitioner"), presently confined at the Boyer Road Correctional Facility in Carson City, Michigan, filed a *pro se* petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner challenges his conviction for unarmed robbery in violation of MICH. COMP. LAWS ANN. § 750.530. On May 7, 2008, Petitioner filed a motion to hold the writ of habeas corpus proceedings in abeyance so that he may complete his post-conviction proceedings in the state courts. For the reasons stated below, the Court grants Petitioner's motion and stays the proceedings pursuant to the terms set forth herein.

1

Petitioner was convicted of the above offense following a jury trial in the Wayne County Circuit Court. Petitioner's conviction was affirmed on appeal. *People v. Hicks*, 259 Mich. App. 518, 675 N.W. 2d 599 (2003). On November 29, 2004, the Michigan Supreme Court denied Petitioner's motion for leave to appeal. *People v. Hicks*, 471 Mich. 927, 689 N.W. 2d 229 (2004).

Petitioner filed a post-conviction motion for relief from judgment with the trial court on November 28, 2005. Petitioner claims that he filed a supplemental post-conviction motion and brief on November 29, 2005; however, the trial court apparently lost these pleadings. *See, infra*. The trial court denied Petitioner's post-conviction motion on December 13, 2005, apparently without reviewing his supplemental pleadings. Petitioner then filed a motion for reconsideration, which the trial court also lost. *See, infra*.

Petitioner filed a complaint with the State Court Administrative Office, requesting an investigation into his various lost post-conviction pleadings. The State Court Administrative Office eventually concluded that the trial court clerk had lost or misplaced Petitioner's pleadings. The missing pleadings were refiled with the trial court on August 10, 2006.

The trial court denied petitioner's motion for reconsideration on September 11, 2006, without ruling on Petitioner's supplemental post-conviction motion and brief. Petitioner wrote to the trial court judge concerning the trial court's failure to rule on his supplemental pleadings. After an exchange of correspondences between the trial court

and Petitioner, Petitioner mailed another copy of his supplemental motion and brief to the trial court on February 28, 2008. The trial court has informed Petitioner that it will rule on the supplemental motion and brief within thirty days of its receipt.

Petitioner therefore filed the pending request to hold his habeas petition in abeyance. Petitioner asks this Court to hold the petition in abeyance pending the trial court's decision and, in the event the trial court denies him relief, his exhaustion of any post-conviction appeals.

State prisoners must exhaust available state remedies for each of the claims presented in a habeas petition before seeking a federal writ of habeas corpus. 28 U.S.C. § 2254(b)(1). A federal court may stay the federal habeas petition and hold further proceedings in abeyance pending resolution of state court post-conviction proceedings if outright dismissal of a habeas petition containing unexhausted claims would jeopardize the timeliness of a future petition, there is good cause for the petitioner's failure to exhaust those claims, the unexhausted claims are not "plainly meritless," and "there is no indication that the petitioner engaged in intentionally dilatory litigation tactics." *Rhines v. Weber*, 544 U.S. 269, 278, 125 S. Ct. 1528, 1535 (2005).

The Court finds that a stay is appropriate in the pending matter. The outright dismissal of Petitioner's application for habeas relief pending the exhaustion of his state court remedies, albeit without prejudice, might preclude this Court from considering Petitioner's claims at some later date due to the expiration of the one year statute of limitations contained in the Antiterrorism and Effective Death Penalty Act (AEDPA).

*See* 28 U.S.C. § 2244(d)(1). The statute of limitations was tolled while Petitioner's initial post-conviction motion was pending in the trial court. *See* 28 U.S.C. § 2244(d)(2). It is unclear, however, whether the limitations period continued to run during the time that Petitioner sought an investigation and the State Court Administrative Office investigated his lost post-conviction pleadings and the period between September 11, 2006 (when the trial court denied Petitioner's previously lost motion for reconsideration) and February 28, 2008 (when Petitioner mailed another copy of his supplemental post-conviction motion and brief to the trial court).

The Supreme Court has advised that, when a district court determines that a stay is appropriate pending exhaustion of state court remedies, the court "should place reasonable time limits on a petitioner's trip to state court and back." *Rhines*, 544 U.S. at 278, 125 S. Ct. at 1535. Petitioner already filed his post-conviction pleadings in the state court. To ensure that there are no delays in his return to federal court, however, the Court imposes the time limit set forth below within which Petitioner must proceed.

Accordingly,

**IT IS ORDERED**, that Petitioner's motion to hold his federal habeas petition in abeyance is **GRANTED**. The proceedings in this case are stayed pending Petitioner's exhaustion of his state court remedies <u>provided</u> that Petitioner returns to this Court within <u>sixty (60) days</u> of exhausting those remedies and files a motion to lift the stay and, if Petitioner chooses, an amended petition;

**IT IS FURTHER ORDERED**, that to avoid administrative difficulties, the Clerk

4

shall **CLOSE** this case for statistical purposes only.  Nothing in this order or in the

related docket entry shall be considered a dismissal or disposition of this matter.

                                           s/PATRICK J. DUGGAN
                                           UNITED STATES DISTRICT JUDGE

Copies to:
Rodney Pierre Hicks, #186100
Boyer Road Correctional Facility
10274 Boyer Road
Carson City, MI 48811

AAG B. Eric Restuccia