UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

RODNEY PIERRE HICKS,

      Petitioner,                           Case No. 2:07-cv-14916

                                          HONORABLE STEPHEN J. MURHPY, III

v.

ROBERT NAPEL,

      Respondent,

_____/

**ORDER (1) GRANTING MOTION TO LIFT THE
STAY OF PROCEEDINGS AND REOPENING THE CASE,
2) AMENDING THE CAPTION, (3) GRANTING MOTION TO AMEND,
(4) REQUIRING SERVICE OF ORIGINAL AND AMENDED PETITIONS**
(document nos. 1 & 13) **UPON RESPONDENT AND MICH. ATTORNEY GENERAL
AND (5) DIRECTING RESPONDENT TO FILE ANSWER AND RULE 5 MATERIALS**

Rodney Pierre Hicks is a prisoner confined at the Marquette Branch Prison in Marquette, Michigan. He filed a *pro se* petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254, challenging his conviction for unarmed robbery, M.C.L.A. 750.530. The Court entered an order holding the habeas petition in abeyance to permit Mr. Hicks to return to the state courts to exhaust additional claims. The Court also administratively closed the case. *Hicks v. Bell*, No. 2:07-cv-14916, 2008 WL 2115252 (E.D. Mich. May 19, 2008).

Federal courts have the power to order that a habeas petition be reinstated upon timely request by a habeas petitioner, following the exhaustion of state court remedies. *See e.g. Rodriguez v. Jones,* 625 F. Supp. 2d 552, 559 (E.D. Mich. 2009). Mr. Hicks alleges that his claims have been exhausted with the state courts. The Court orders that the

original habeas petition be reopened.

The Court also orders that the caption in this case be amended to reflect that the proper respondent in this case is now Robert Napel, the warden of the prison where Hicks is currently incarcerated. *See Edwards Johns,* 450 F. Supp. 2d 755, 757 (E.D. Mich. 2006); *See also* Rule 2(a), 28 foll. U.S.C. § 2254.

The Court grants Hicks' motion to amend his habeas petition. Notice and substantial prejudice to the opposing party are the critical factors in determining whether an amendment to a habeas petition should be granted. *Coe v. Bell,* 161 F. 3d 320, 341-342 (6th Cir. 1998). There is no indication that allowing the amendment would cause any delay to this Court. Nor is there any evidence of bad faith on petitioner's part in bringing the motion to amend or prejudice to Respondent if the motion is granted. *See Gillette v. Tansy*, 17 F. 3d 308, 313 (10th Cir. 1994).

The Clerk of the Court shall serve a copy of the habeas petition (document no. 1), a copy of the amended petition for writ of habeas corpus (document no. 13), and a copy of this Order on Respondent and on the Attorney General for the State of Michigan by first class mail as provided in Rule 4 of the Rules Governing § 2254 Cases. *See Coffee v. Harry,* No. 04-71209; 2005 WL 1861943, *2 (E.D. Mich. Aug. 2, 2005). The Respondent shall file an answer to the petition and the amended habeas petition within one hundred and eighty days of the Court's order. See *Erwin v. Elo,* 130 F. Supp. 2d 887, 891 (E.D. Mich. 2001); 28 U.S.C. § 2243.  Respondent is also ordered to provide this Court with the Rule 5 materials at the time that it files its answer. See *Griffin v. Rogers,* 308 F. 3d 647, 653 (6th Cir. 2002); Rules Governing § 2254 Cases, Rule 5, 28 U.S.C. foll. § 2254.

Hicks shall have forty five days from the receipt of the answer to file a reply brief, if

he so chooses. See Rule 5(e) of the Rules Governing § 2254 Cases, 28 U.S.C. foll. § 2254.

## ORDER

**WHEREFORE, IT IS HEREBY ORDERED** that the motion to lift the stay of habeas corpus proceedings and amend the petition for writ of habeas corpus (document no. 13) is **GRANTED.** The Clerk of the Court shall reopen the habeas petition to the Court's active docket.

**IT IS FURTHER ORDERED** that the caption of the case be amended to reflect that Robert Napel is the proper respondent.

**IT IS FURTHER ORDERED** that the Clerk of the Court shall serve a copy of the petition for writ of habeas corpus (document no. 1) and a copy of the amended petition (document no. 13) and a copy of this Order on Respondent and the Michigan Attorney General by first class mail.

**IT IS FURTHER ORDERED** that Respondent shall file an answer and produce all Rule 5 materials within one hundred and eighty days of the date of this order or show cause why they are unable to comply with the order.

**IT IS FURTHER ORDERED** that Petitioner shall have forty five days from the date that he receives the answer to file a reply brief.

**SO ORDERED**.

s/Stephen J. Murphy, III
STEPHEN J. MURPHY, III
United States District Judge

Dated: January 25, 2016

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on January 25, 2016, by electronic and/or ordinary mail.

s/Carol Cohron
Case Manager